# CHARLESTON.

## HOWELL v. PUBLIC SERVICE COMMISSION.

Submitted September 6, 1916. Decided September 19, 1916.

PUBLIC SERVICE COMMISSIONS—*Orders—Decisions Appealable—Right to Review.*

No appeal lies to this court from a decision of the public service commission, granting to a hydro-electric company the right to erect a dam and to institute condemnation proceedings to acquire the land within the contour lines of the water to be thereby impounded.

Petition in the nature of an original petition by D. J. Howell against the Public Service Commission.

*Petition dismissed.*

*Anderson, Strother, Hughes & Curd,* and *Brown & Brown,* for petitioner.

*S. B. Avis,* for Public Service Commission.

*A. Moore,* for Northern Virginia Power Co.

WILLIAMS, PRESIDENT:

On the 17th day of July, 1916, the Public Service Commission of West Virginia granted to the Northern Virginia Power Company, a corporation chartered and organized under the laws of the state of Virginia, permission to increase the height of its dam, maintained across the Shenandoah River about five miles from Harpers Ferry, in Jefferson county, to an additional height of 9-3/10 feet, thereby making the entire

height of the dam 21-3/10 feet, and to institute in the circuit court of said county condemnation proceedings to acquire title to 2-52/100 acres of land belonging to D. J. Howell and lying within the contour lines of the water to be impounded. Said Howell appeared before the public service commission and resisted the granting of the permission, and he now petitions this court for a suspension of its order. Numerous questions are raised in brief of his counsel, among them the right of the public service commission to grant such permission to a foreign corporation. But we are confronted at the very threshold of our investigation with the preliminary question, whether or not a direct appeal lies to this court from such order of the public service commission. The authority of this court to review the proceedings of the public service commission, on direct application, is purely statutory, and, unless the power to do so is given by statute, it does not exist. Howell's counsel insists that the right of direct appeal to this court, to have the final order of the public service commission reviewed and suspended, is given by sec. 16, Ch. 9, Acts 1913. That is the act creating the public service commission and defining its powers and duties, and Sec. 16 gives to anybody feeling himself aggrieved by its final order the right of appeal to this court. But the final orders there meant relate only to matters over which the public service commission was then given jurisdiction. That section was not intended to embrace, and does not embrace such final orders as the one here complained of. Because the public service commission was not given jurisdiction, by that act, to grant permission to hydroelectric companies to erect dams and to institute condemnation proceedings to acquire the land thereby impounded. Such jurisdiction was then vested in the board of public works by Sec. 16 of another act, passed at the same session and on the same day, known as the Hydro-Electric Act. Sec. 25 of the last named act gave to any person who thought himself injured by any decision of the board of public works, respecting the granting of permission to erect dams, and who had appeared in opposition thereto or in behalf thereof, the right of appeal from such decision, not to this court, but to the circuit court of the county wherein the proposed appropriation

of water is situated. Nowhere did the hydro-electric act give a right of direct appeal to this court from a decision of the board of public works. That act was amended and re-enacted by chapter 17, Acts 1915, known as the Water Power Act, and the jurisdiction and authority which had been vested in the board of public works, respecting water power companies, was transferred to, and vested in the public service commission; and Sec. 25, authorizing appeals to the circuit courts, was omitted, and no substitute therefor provided in the new act, thus evincing a legislative purpose to repeal said section 25, the later act revising the whole subject matter of the former act, and clearly intended as a substitute for it. When the legislature enacted the water power act it evidently regarded the granting of such permission, as is here complained of, as a purely legislative function, and, therefore, made no provision for reviewing the public service commission's decision on that matter by any of the courts. It intended to make the decision of that body on such question final. That such was the legislative purpose is further evidenced by Sec. 41 of the Act, which is as follows: "Any dam when authorized and erected in accordance with the provisions of this statute shall be considered a dam authorized by the legislature of this state at the particular site upon which the same is located."

Whereas the Hydro-Electric Act made it necessary for an electric company, using water power as a generator, before it could exercise any of the rights and privileges conferred by the act, including the right of eminent domain, to obtain from the board of public works its permission to do so, and provided for an appeal from its decision to the circuit court, the Water Power Act now requires such permission to be obtained from the public service commission, and makes no provision for appeal to any court from its order granting such permission. We do not say that all of the matters and questions that may arise before the public service commission, incident to the granting of permission to erect dams and condemn land, are non-judicial, but what we mean to say is, that in case judicial questions do thus arise, they may be inquired into judicially when proceedings to condemn are instituted, which the act provides shall be governed by chapter 42 of the Code, and

can not be reviewed by direct appeal to this court. No direct appeal lies to this court from an order of the public service commission granting to a hydro-electric company the privilege of erecting a dam and exercising the right of eminent domain, hence the prayer of the petition is refused.

*Petition dismissed.*